IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES W. OUTLAW, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:11-cv-341-MTT-MSH |
| | * | 42 U.S.C. ▪ 1983 |
| VERNON SPEIGHT, IKE | * | |
| AKUNWANNE, and VANESSA | * | |
| GRIFFETH, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants Speight, Akunwanne and Griffeth's Motion for Summary Judgment. (ECF No. 23.) Plaintiff was notified of his right to respond to the motion on February 29, 2012 (ECF No. 24), and filed a motion for extension of time in which to file a response to the summary judgment motion on March 8, 2012 (ECF No. 25), which this Court granted. Since that time, Plaintiff has failed to file any response or any further pleadings. For the reasons stated below, Defendants' motion should be granted.

### DISCUSSION

**I.    Standard for Motion for Summary Judgment**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most

favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

The law provides that the party against whom summary judgment is sought must be given ten (10) days' notice of the summary judgment rules. In addition, the party against whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law.

## II.   Plaintiff's Claims

Plaintiff, who is serving a twenty year sentence for Armed Robbery, Resisting, Obstructing, or Opposing a Law Enforcement Officer, Theft by Taking, and Interference

with Government Property, brought this action pursuant to 42 U.S.C. § 1983, against Defendants Vernon Speight, Dr. Ike Akunwanne, and Nurse Vanessa Griffeth. (Compl. 5, ECF No. 1.) In his Complaint, Plaintiff contends that the Defendants violated his Eighth Amendment rights by being deliberately indifferent to his medical needs. (*Id.*) Plaintiff claims that on July 20, 2011, after he was struck in the **right arm** with some sort of baton or riot stick, Defendant Nurse Griffeth examined his injury. (*Id.*) (emphasis added.) Plaintiff alleges Defendant Griffeth mistook his arm injury for a wrist injury and "downplayed the situation" by telling the other prison medical staff that there was nothing wrong with his arm. (*Id.*) Plaintiff further contends that he showed Dr. Ike Akunwanne his arm through the flap of his cell more than once and the doctor merely told him to fill out a sick call request because he did not have Plaintiff's chart at the time. (*Id.*) Plaintiff claims Defendant Speight, the Health Services Administrator at Baldwin State Prison, was aware of his complaints regarding the medical attention he was receiving through letters Plaintiff alleges he sent to Defendant Speight. (*Id.*) Plaintiff specifically seeks damages against Defendants Griffeth and Akunwanne only in their individual capacities and against Defendant Speight only in his official capacity. (*Id.*)

### III.     No Constitutional Violation

Defendants first argue that summary judgment should be granted because Plaintiff has failed to establish a constitutional claim for deliberate indifference to his medical needs. (Defs.' Mot. for Summ. J. 10, ECF No. 23-1.) To state a valid claim pursuant to 42 U.S.C. § 1983, the United States Supreme Court has held that a plaintiff must demonstrate that he was deprived of a federally constituted right by a state actor. *Parratt*

3

*v. Taylor*, 451 U.S. 527, (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S. Ct. 662 (1986).  If Plaintiff is unable to establish that a constitutional right has been violated, no valid § 1983 claim has been made.

In this case, Plaintiff alleges that the defendants violated his rights by being deliberately indifferent to his medical needs.  The Eleventh Circuit has held that "Deliberate indifference to a prisoner's serious medical needs requires (1) an objectively serious medical need and (2) a defendant who acted with deliberate indifference to that need."  *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).  "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted).  Furthermore, a plaintiff must show that the defendant "(1) [had] subjective knowledge of a risk of serious harm; (2) disregard[ed] . . . that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotation marks and citations omitted) (alterations in original).  Even taking Plaintiff's allegations as true, it is clear that Defendants were not deliberately indifferent to Plaintiff's medical needs.

A. Defendant Nurse Griffeth

In this case, Plaintiff alleges that upon presenting Defendant Griffeth with his injured arm, she "[mistook it] for a wrist injury due to the swelling."  (Compl. 5.) Plaintiff states that Defendant Griffeth told other nurses that there was nothing wrong with Plaintiff's arm and that she "had checked it."

4

In their motion for summary judgment, the Defendants contend that on July 20, 2011, Plaintiff was given an examination wherein he complained that he could not move his **left arm**, but was seen using his left arm to move his wheelchair before the examination.  (Vernon Speight Aff. ¶ 26, Pl.'s Medical Records 0361; ECF Nos. 23-6, 23-7.)  On July 25, 2011, Plaintiff again alleged pain in his left arm and physical findings revealed that it appeared as though his arm had been closed in the tray flap of his cell.  (Speight Aff. ¶ 33, Med. Records p. 358.)  It was not until August 22, 2011, that Plaintiff first complained of pain in his **right arm** to Dr. Ekwunife, at which time he was referred for an x-ray and it was determined that the distal ulna on his right arm was fractured and Plaintiff was treated.  (Speight Aff. ¶ 44, Med. Records pp. 150, 355.)

It is clear, then, that Plaintiff's allegations against Defenant Griffeth do not allege a constitutional violation.  The Eleventh Circuit has specifically ruled that inadvertence or mere negligence in failing to provide adequate medical care does not rise to the level of a constitutional violation. *Farrow,* 320 F.3d at 1243.  "[M]edical treatment violates the Eighth Amendment *only* when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (emphasis added).  Here, Plaintiff failed to respond to the Defendants' motion for summary judgment, and as such, has failed to show that his medical need was serious or that Defendant Griffeth responded to that need with deliberate indifference.   Thus, Defendant Griffeth is entitled to summary judgment.

B.      Defendant Dr. Akunwanne

As to Defendant Akunwanne, Plaintiff merely claims he showed his arm to the doctor "more than once" through the flap of his cell. (Compl. 6.) Plaintiff claims Defendant Akunwanne told him each time that he did not have Plaintiff's chart with him and that Plaintiff would need to fill out a "sick call and be brought up" to be evaluated by Defendant Akunwanne. (*Id.*) For the same reason as stated above, this claim fails to allege a constitutional violation. By failing to respond to the Defendants' motion for summary judgment, Plaintiff has failed to establish that Defendant Akunwanne had a subjective knowledge of a serious injury which he then deliberately ignored. As such, Defendant Akunwanne is entitled to summary judgment.

**IV.   Immunity**

The Court has already determined that Plaintiff's claims fail to state a valid claim for relief pursuant to 42 U.S.C. § 1983. However, even were it found that Plaintiff had alleged a proper § 1983 claim, Defendants would still be entitled to summary judgment..

A.      Defendant Speight

As noted, Plaintiff has sued Defendant Speight, the prison health service administrator, in his official capacity. The United States Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "As such, it is no different from a suit against the State itself. *Id*.   "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."

*Coleman v. Ct. App. of Md.*, -- U.S. -- , 132 S. Ct. 1327, 1333 (2010).  "As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment."  *Id.*  Section 1983 is not a "Congressional abrogation of the state's immunity from damages suits," *Gamble v. Fl. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986), and Georgia has not otherwise waived its right to assert an Eleventh Amendment immunity defense against § 1983 claims.  *See., e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301-02 (11th Cir. 2007).

In this case, a suit against Defendant Speight is a suit against the State of Georgia because he is an employees of the state as supposed to a city or county employee.  Consequently, Plaintiff's claims against Defendant Speight, in his official capacity are barred by the Eleventh Amendment and should be dismissed.

    B.    Defendants Akunwanne and Griffeth

Defendants Akunwanne and Griffeth alternatively contend that Plaintiff's action should be dismissed because they are entitled to qualified immunity.  (Mot. for Summary Judgment 1, ECF No. 23-1.)   Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known.  In sum, qualified immunity is a guarantee of fair warning.  *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999).  Specifically, "[t]he doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages

7

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (internal quotation marks omitted).

Under qualified immunity analysis, the public official must first prove he was "engaged in a 'discretionary function' when he performed the acts of which plaintiff complains." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263 (11th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendants were acting within the scope of their discretionary authority as employees of the Prison when the acts complained of occurred. *See Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). Once that determination is made, the burden shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity. *Id.*

The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009) (based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.* If either

element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity.

The Eleventh Circuit has held that on a motion for summary judgment, a plaintiff cannot rest on his conclusory allegations to create a genuine issue of material fact as to his claims. *McCarley v. KPMG Int'l,* 293 F. App'x 719, 722 (11th Cir. 2008). In this case, Plaintiff failed to file any response to the Defendants' motion for summary judgment. Therefore, as noted above, there is no evidence in the record which shows that any of Plaintiff's constitutional rights have been violated. As such, it is recommended that Defendants' Motion for Summary Judgment be granted as Plaintiff has failed to provide evidence to show that there is a genuine dispute as to any fact material to this case.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion for Summary Judgment be GRANTED for the above stated reasons. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 15th day of August, 2012.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE